## Moulton v. Philadelphia Suburban Transportation Co.

*Howard Richard*, for plaintiffs.
*Malcolm B. Petrikin*, for defendant.
*Albert Blumberg*, for additional defendant.

DIGGINS, J., February 20, 1957.—This is a petition for sanction under Pennsylvania Rule of Civil Procedure 4019(*a*) against Philadelphia Suburban Transportation Company only, one of defendants.

The record shows that plaintiff propounded some 10 interrogatories numbered 1 to 10. Defendant answered the first and the last, leaving eight thereof unanswered. Three of the remaining interrogatories and part of one other are now not pressed by plaintiff, namely nos. 6, 8, 9 and the last part of no. 4, leaving before us for determination part of interrogatory no. 4 and all of interrogatories nos. 2, 3, 5 and 7. These interrogatories are stated as follows:

2. State whether defendant is engaged in the maintenance of the railroad bridge or overpass on Victory Avenue, Upper Darby, including the surface thereof.

3. How long has such maintenance been conducted by defendant?

4. State what schedule of maintenance of said surface was in effect for 12 months prior to October 22, 1955.

5. State whether any maintenance was done on said surface of the bridge or overpass for 12 months prior to October 22, 1955, the nature of said maintenance, the date or dates when performed, the names and addresses of person or persons performing same. Attach copies of maintenance schedules and reports of work done.

7. If the answer to interrogatory six is "yes", state when and by whom, giving name and address of person or persons performing said repair.

It will be noted that the gravamen of all of these interrogatories is to determine whether defendant maintained the railroad bridge or overpass at the point in question and what inspections were made and the details for a year prior to the date of the accident.

Since interrogatory no. 7 depends on no. 6 which has to do with possible subsequent work done to repair the hole or depression alleged as the cause of the accident which occurred October 22, 1955, and since admittedly plaintiff is not entitled to such information because it is not evidential, refusal to answer the seventh interrogatory will not support sanction, leaving nos. 2, 3, part of 4, and 5.

The rules of discovery have been interpreted to mean in this particular category that plaintiff may have the benefit of any routine reports or schedules normally and regularly maintained by defendant but may not have the benefit of records made for the first time in anticipation of the particular litigation. These are protected from discovery: Bradley v. Philadelphia Transportation Company, 87 D. & C. 548.

The same question as here raised was decided in this county in an opinion written by Judge Toal in Philadelphia Suburban Transportation Company v. Far-

rell Sales and Service Company, 41 Del. Co. 172, wherein the court made the same distinction.

An examination of these particular interrogatories show that they are seeking records made and kept in the normal course of business prior to the happening of the accident and therefore not in anticipation of this particular litigation and must therefore be made available to plaintiff.

Since both plaintiff and defendant obtain some measure of success on this motion for sanction, it is deemed inappropriate to order either side to pay attorney's fees, which under other circumstances the court might do, and we therefore make the following

### Order

And now, to wit, February 20, 1957, it is ordered, directed and decreed that defendant, Philadelphia Suburban Transportation Company, shall answer 2, 3, 5 and the first portion of interrogatory no. 4.